# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

WILLIAM YOUNG SUTHERLAND,

                Plaintiff,

    v.

J. CLARK KELSO, et al.,

                Defendants.

_____/

CASE NO. 1:09-cv-02028-OWW-SMS PC

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND

(Doc. 1)

THIRTY-DAY DEADLINE

## Screening Order

## I.    Screening Requirement

Plaintiff William Young Sutherland, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 19, 2009.  Plaintiff alleges a claim for relief against Defendants J. Clark Kelso, James Yates, F. Igbinosa, and Does 1-10 arising out of inadequate medical.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct at 1949-50; Moss, 572 F.3d at 969.

## II. Plaintiff's Eighth Amendment Medical Care Claim

### A. Summary of Allegations

Plaintiff was transferred to Pleasant Valley State Prison (PVSP) in Coalinga, California on January 13, 2009. Plaintiff suffers from a degenerative neck and back problem that is debilitating if not treated. Plaintiff's medications were started and stopped repeatedly following his arrival at PVSP, leaving Plaintiff to endure severe pain. On July 12, 2009, Plaintiff was trying to get up from bed when he experienced extreme pain shooting down his left arm. Plaintiff lost his grip due to the pain and fell from his upper bunk, cracking at least one rib and dislocating his shoulder in the fall. To date, Plaintiff has not been provided with pain medication adequate to address his medical needs or appropriate diagnostics and treatment for his dislocated shoulder.

Plaintiff also has a family history of cancer, and at the age of forty-eight, his request for appropriate testing for men over forty with a family history of cancer was granted at a different institution. At that time, Plaintiff's doctor also ordered an MRI with sedation. That order related to Plaintiff's neck and back problems and the MRI was to be compared with MRIs conducted in

2000.  To date, Plaintiff has not received any testing relating to his family history of cancer, and although Plaintiff has been called numerous times for an MRI, no sedation has been offered and Plaintiff is unable to undergo an MRI without sedation due to claustrophobia.

Plaintiff alleges that these issues have been brought to the attention of Kelso, Yates, and Igbinosa, but no action has been taken to require the California Department of Corrections and Rehabilitation and PVSP to comply with applicable court orders, federal law, and state law.

**B.**   **Legal Standard**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

**C.**   **Discussion**

**1.**   **Chronic Pain**

Plaintiff has adequately alleged the existence of a serious medical need in the form of substantial, chronic pain stemming from his degenerative neck and back condition. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir.

1   1994).  The repeated stoppages of Plaintiff's pain medication, which caused Plaintiff to suffer

2   untreated pain for weeks at a time, will support a claim for relief under section 1983 if Plaintiff is

3   able to sufficiently link the deprivations complained of to named defendants.  Iqbal, 129 S.Ct. at

4   1949-50; Toguchi, 391 F.3d at 1057.

5          Here, Plaintiff is attempting to impose liability on the Receiver, the Warden, and the Chief

6   Medical Officer, all of whom hold high-level positions of supervisory, managerial, or executive

7   authority.  However, Plaintiff's complaint is devoid of any allegations suggesting they had  personal

8   involvement in the conditions complained of.  Plaintiff may not hold them liable for the violation

9   of his rights based on their positions of authority, as section 1983 does not permit the imposition of

10  liability based on respondeat superior.  Iqbal, 129 S.Ct. at 1949-50.  Plaintiff must specifically allege

11  the linkage between each named defendant and the actions or omissions that violated his rights.  Id.

12  Conclusory allegations of involvement or knowledge will not suffice.  Id.

13         Plaintiff also alleges that some of the medications ordered for him were inappropriate.  For

14  example, Dr. Mardian reordered Gabapentin, but increased the dose.  Although Plaintiff alleges it

15  helps with muscle spasms and worked well in combination with Tramadol, it does not ease pain.

16  These allegations do not suggest anything more than Plaintiff's disagreement with Dr. Mardian's

17  treatment plan.  Although Plaintiff attempted to persuade Dr. Mardian that Gabapentin alone was

18  not sufficient to treat his pain, Dr. Mardian informed Plaintiff that they would try the increased

19  dosage for thirty days to see if it worked.

20         Plaintiff may not dictate his medical care and his disagreement with Dr. Mardian's medical

21  decision to try a certain course of treatment for thirty days does not support a claim for relief.

22  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Further, the fact that different physicians

23  prescribed different courses of treatment does not assist Plaintiff in demonstrating that deliberate

24  indifferent to his medical needs occurred.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Thus,

25  while the failure to provide Plaintiff with any medication for his chronic, substantial pain supports

26  a claim for relief, as discussed, Plaintiff's mere disagreement with the courses of treatment chosen

27  by prison physicians does not support a claim.  Franklin, 552 F.2d at 1344.

28  ///

4

### 2.   **Dislocated Shoulder**

Although Plaintiff alleges he dislocated his shoulder, it is not clear that medical personnel agreed.  Plaintiff was injured on July 12, 2009, and he was seen by Dr. Rohrdanz on July 15, 2009, at which time x-rays were ordered.  Plaintiff was subsequently seen by Dr. Mardian on July 24, 2009, and by Dr. Pido on September 3, 2009, but the results of the x-rays are addressed only to the extent that Dr. Pido told Plaintiff he suffered from arthritis rather than a dislocated shoulder.  Dr. Pido also refused to order the MRI Plaintiff requested.  None of those allegations support a claim for relief.  Franklin, 552 F.2d at 1344.

### 3.   **Screening Tests**

Finally, while Plaintiff's interest in preventative screening tests is understandable, the Eighth Amendment does not guarantee inmates access to any and all available testing.  Rather, it serves to protect inmates only against those conditions which involve the wanton and unnecessary infliction of pain or which are repugnant to the conscience of mankind.  E.g., Farmer, 511 U.S. at 833-34; Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976); Jett, 439 F.3d at 1096; Toguchi, 391 F.3d at 1056-57.  Plaintiff's allegations do not demonstrate that in failing to afford him the screening tests he desires, prison officials are knowingly disregarding a substantial risk of harm to his health.  Plaintiff claim therefore fails.

### III.   **Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

///

1   [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555

2   (citations omitted).

3         Further, Plaintiff is cautioned that he may not proceed in this action on a myriad of unrelated

4   claims against different staff members at different prisons.  "The controlling principle appears in

5   Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-

6   claim, or third-party claim, may join, either as independent or as alternate claims, as many claims,

7   legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims

8   against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated

9   Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits,

10  not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also

11  to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3

12  the number of frivolous suits or appeals that any prisoner may file without prepayment of the

13  required fees.  28 U.S.C. § 1915(g)."  <u>George</u>, 507 F.3d at 607.  If the amended complaint fails to

14  comply with Rule 18(a), the Court will dismiss out all claims it finds to be unrelated.

15        Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,

16  114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must

17  be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

18  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

19  amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>,

20  644 F.2d 811, 814 (9th Cir. 1981)); <u>accord Forsyth</u>, 114 F.3d at 1474.

21        Based on the foregoing, it is HEREBY ORDERED that:

22      1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

23      2.    Plaintiff's complaint, filed November 19, 2009, is dismissed for failure to state a

24          claim upon which relief may be granted;

25      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

26          amended complaint; and

27  ///

28  ///

1        4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

2      action will be dismissed, with prejudice, for failure to state a claim.

3

4  IT IS SO ORDERED.

5  **Dated:**   **February 3, 2011**                    **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE